*524 Burke, J. (dissenting).
I dissent and vote to affirm.
Upon this record the insurance carrier ought to be held liable for the conceded ly reasonable expenses incurred by the insured for legal services rendered to the insured, not at his request, but rather at the request of his carrier. It is only proper that the courts indemnify this insured for the legal expense to which he has been unnecessarily put: one cannot say that a special indemnification agreement is necessary to entitle him to reimbursement for legal expenses under circumstances where there ■is clear proof of the absence of good faith on the part of the carrier and where the feigned issue posed by the carrier in respect to liability on the claim is identical to the issue framed as to coverage.
In this case one of the insured’s employees was burned to death on a farm owned by the insured in Rock Rift, Delaware County, New York, and a compensation claim was duly filed. The carrier then filed a notice of controversy in which it contested the claim for compensation on the ground that its policy did not cover the activities of the deceased on the date of his death, and that, therefore, even if the death had occurred within the scope of employment, it was employment not covered by the compensation insurance.
The insured had requested coverage at 11 Pike Street, New York City, and at his farm at Rook Rift, Delaware County. The Workmen’s Compensation and Employers Liability Policy issued to the insured described the geographical coverage of the policy as “ 11 Pike Street, New York City and elsewhere in NFS.” (Italics supplied.) As to employment within New York State, broader and more encompassing language cannot be imagined. The policy also provided that the carrier would defend in the name and on behalf of the insured employer 11 although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.” In light of the clear language used, the intent of the insured and the insurer was evident and there was no ambiguity. Consequently the disclaimer as to coverage by the carrier constituted a manifest act of mala fides.
Indeed, its conduct amounted to a breach of the insurance contract since the uncontradicted facts left no room for dispute as to coverage. There was ample justification, therefore, for *525 t.he factual finding of bad faith made by the Court of Claims and affirmed by the Appellate Division. In the face of the patently unambiguous indorsement of coverage (“ elsewhere in NYS ”), the naked attempt by the carrier to expose the insured to a money judgment and possible criminal prosecution for failure to carry workmen’s compensation insurance was an inexcusable violation of the carrier’s obligation to comply with the clear terms of the contract as written. The carrier’s emphasis in the notice of controversy and at the hearing was not directed to the defense against the claim of the representative of the deceased, but was rather intended to shift the responsibility for the payment of the claim for accidental death over to the insured.
This was not the proper forum for such a coverage dispute, since the board was primarily concerned with the issue of compensation, not liability therefor. It is incredible that, as claimed by the carrier, it could have defended the insured in good faith when at the same time it was disclaiming liability under its policy against the insured on the identical issue, at the very same proceeding. This issue as to scope of employment was so interwoven into both questions that we cannot conclude, as a matter of law, that the insured’s attorney was present at the hearing solely for the purpose of defending the insured on the disclaimer of coverage. Since the issues were identical, since the carrier could not have been acting in good faith and, since the insured’s lawyer was present at the behest not of his client but of the carrier, it is only right and just that the carrier should be liable, even in the absence of a special indemnification agreement, for the reasonable legal expenses unnecessarily expended by and unjustifiably forced upon the insured employer.
Chief Judge Fuld and Judges Van Voorhis and Scileppi concur with Judge Bergan ; Judge Burke dissents and votes to affirm in an opinion in which Judges Keating and Breitel concur.
Order reversed, etc.